IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BEVERLY J. SHELLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:09-CV-509-WKW [WO] |
| | ) |
| CITY OF HEADLAND, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Beverly J. Shelley's motion to remand her pending state-law claim. (Doc. # 14.) Defendants filed a response opposing the motion (Doc. # 16), and Shelley replied (Doc. # 19). Defendants removed this case from the Circuit Court of Henry County, Alabama (Doc. # 1), based upon Shelley's original complaint, which alleged Defendants violated her rights under the federal and Alabama constitutions because of Defendants' application of a zoning ordinance to her property (Doc. # 1-2 ¶ 8). Shelley amended her complaint as a matter of course under Rule 15(a)(1) of the Federal Rules of Civil Procedure,[1] dropping the federal constitutional claim. (*See* Doc. # 13 Ex. A ¶ 8.) She then filed her motion to remand. In her reply, Shelley clarified that she was requesting the court to decline supplemental jurisdiction under 28 U.S.C. § 1367(c) and by implication, more specifically under § 1367(c)(3). (Doc. # 19, at 2, 3.)

---

[1] Rule 15 permits one amendment without court approval before being served with a responsive pleading. Rule 15(a)(1)(A).

Defendants argue that "a close reading" of § 1367(c) does not permit remand in this case. (Doc. # 16, at 5.) Section 1367(c) allows a federal court, in its discretion and in specified situations, to decline to exercise jurisdiction over state-law claims over which it has supplemental jurisdiction under § 1367(a). One of those situations is when "the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3). Defendants contend that § 1367(c) applies only to state-law claims that remain after a *court* dismisses the federal claims, not to state-law claims that remain after a *plaintiff* voluntarily dismisses the federal claims. (Doc. # 16, at 6.) Thus, Defendants argue, because a court may not remand state-law claims under § 1367(c)(3) when those claims were voluntarily dismissed by amended pleadings, this court must retain jurisdiction over Shelley's only claim. (Doc. # 16, at 7.) Defendants argue, alternatively, that remanding is not appropriate because it would allow "blatant forum shopping." (Doc. # 16, at 7.) Neither party disputes that supplemental jurisdiction was properly exercised when Defendants removed this case. The disputed issue is whether the court should or must continue to exercise supplemental jurisdiction on the only remaining claim, which is based on state law.

It is at the time of removal that subject-matter jurisdiction is determined, and for cases removed from state to federal court, "[l]ater changes to the pleadings do not impact the court's exercise of supplemental jurisdiction." *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1244 n.2 (11th Cir. 2007) (*per curiam*) (citing *Behlen v. Merrill Lynch, Phoenix Inv. Partners, Ltd.*, 311 F.3d 1087 (11th Cir. 2002)). Defendants' concern regarding forum-

shopping, however, is not misplaced.  "The Supreme Court [has] noted that 'removal cases raise forum-manipulation concerns that simply do not exist when it is the plaintiff who chooses a federal forum and then pleads away jurisdiction through amendment.'" *Id.* (quoting *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007)).  Thus, when a plaintiff who filed in *federal* court amends a complaint to drop all federal claims, the amended complaint divests the court of subject-matter jurisdiction.  *Id.* at 1243-44.  But when a plaintiff who filed in *state* court, after removal, amends a complaint to drop all federal claims, supplemental jurisdiction is not affected by the amendment.  *Id.* at 1244 n.2.

Even though amending a complaint to drop all federal claims, in removal cases, does not divest the court of supplemental jurisdiction, the court may nevertheless decline, under § 1367(c)(3), to exercise supplemental jurisdiction over the remaining state-law claims.  *See Behlen*, 311 F.3d at 1096 ("The court had discretion to retain jurisdiction over the state law claims even after [the plaintiff] amended the complaint to remove any federal cause of action."); *see also, e.g.*, *Farrell v. G.M.A.C.*, No. 2:07-cv-817, 2008 WL 1766909, at *3 (M.D. Fla. Apr. 15, 2008) (same); *Lieu v. Sandy Sansing Cars, Inc.*, No. 3:07-cv-345, 2007 WL 4287642, at *1 (N.D. Fla. Dec. 5, 2007) (same).  The court may decline to *continue* its exercise of supplemental jurisdiction because "no basis for federal jurisdiction *presently* exists," *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1123

(11th Cir. 2005) (emphasis added).[2]  "In making this decision, the court 'should take into account concerns of comity, judicial economy, convenience, fairness, and the like.'" *Id.* (quoting *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001)).  A district court has discretion to remand "when the exercise of [supplemental] jurisdiction is inappropriate." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988).

Comity weighs in favor of remand in this case because it concerns only state constitutional issues.  Remand also does not undermine the interest of judicial economy.  The complaint in this case was filed in state court only in April 2009 and was removed in May 2009.  Since removal, Defendants have filed only a motion to dismiss, to strike, and for a more definite statement (Doc. # 11), and a new motion for a more definite statement in light of the amended complaint (Doc. # 17).  On June 30, 2009, the court suspended briefing on all pending motions except the motion to remand (Doc. # 18).  This case, therefore, is still in the early stages of the proceeding.  "'When federal law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline

---

[2] Defendants provide no case law for their assertion that § 1367(c) does not apply when federal claims are voluntarily dismissed by the plaintiff.  Defendants note that their interpretation of § 1367(c) conflicts with *Behlen*, which stated that the court's discretionary choice to retain jurisdiction over the state-law claims persisted "even after *[the plaintiff]* amended the complaint to remove any federal cause of action," 311 F.3d at 1095 (emphasis added).  *See also Sullivan v. Conway*, 157 F.3d 1091, 1095 (7th Cir. 1998) ("[F]ederal jurisdiction is not defeated by dropping federal claims after the case has been properly removed to federal court, although if all the federal claims drop out before trial, even as a consequence of the plaintiff's own voluntary dismissal, the district court normally will relinquish jurisdiction over the state-law claims." (citations omitted)); *Carnegie-Melon Univ. v. Cohill*, 484 U.S. 343, 346, 357 (1988) (concluding, in reliance upon case law on pendent jurisdiction, that a district court has discretion to remand state-law claims that are remaining after a plaintiff drops, by amending the complaint, the federal claim that was the basis for removal).

4

the exercise of jurisdiction,'" *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) (quoting *Carnegie-Mellon Univ.*, 484 U.S. 343). *See also Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (*per curiam*) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").[3]

Although forum "manipulation" is a "legitimate and serious" concern when a plaintiff dismisses the federal claims that were the basis for federal jurisdiction and moves to remand, that concern does not require a "blanket prohibition on remands when the federal district court's jurisdiction over a case is inherently discretionary." *Carnegie-Melon Univ.*, 484 U.S. at 356 n.12. "A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case" but that "behavior" is only taken into account as part of "the balance of factors" for determining whether remand is appropriate. *Id.* at 357. There is no "categorical prohibition" on remanding in these circumstances "*regardless* of whether the plaintiff has attempted to manipulate the forum." *Id.* (emphasis added).

It is possible that Shelley's amendment serves her interest to deprive Defendants of a federal forum, but her amendment occurred very early in the pleadings and the only claim

---

[3] *See also, e.g.*, *Nobles v. Ala. Christian Acad.*, 917 F. Supp. 786, 790 (M.D. Ala. 1996) (finding that because the proceedings were at the early stage and because the case "potentially involves unresolved interpretations of the Constitution of Alabama," interests of comity "distinctly favor remand").

is a state-law constitutional claim involving a zoning ordinance.  The court finds that, on the whole, it is inappropriate to exercise supplemental jurisdiction in this case.

Accordingly, it is ORDERED that this case is REMANDED to the Circuit Court of Henry County, Alabama because the court exercises its discretion under 28 U.S.C. § 1367(c)(3) to decline to exercise supplemental jurisdiction over the remaining state-law claim.  The motion to remand (Doc. # 14) is DENIED as moot.[4]

DONE this 21st day of July, 2009.

/s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[4] The supplemental jurisdictional issue was not resolved on Shelley's motion because it was made pursuant to 28 U.S.C. § 1447(c).  Section 1447(c) was not the proper vehicle for the motion.  *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862, 1867 (2009) ("When a district court remands claims to a state court after declining to exercise supplemental jurisdiction, the remand order is not based on a lack of subject-matter jurisdiction for purposes of §§ 1447(c) and (d)."); *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999) (concluding that § 1447(c), which governs remands for lack of subject-matter jurisdiction and for procedural defects, does not include remands for refusing to exercise supplemental jurisdiction).

To the extent that Defendants moved for attorney's fees and costs in the event jurisdiction was declined (*see* Doc. # 16, at 8), that motion is also denied.  Under 28 U.S.C. § 1447(c), "[a]n order remanding a removed case to state court 'may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal.'" *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) (quoting § 1447(c)).  The award of attorney's fees under this provision, however, concerns the propriety of *removal*.  Attorney's fees are rewarded to the *non-removing* party based on whether "the removing party has an objectively reasonable basis for removal."  *Id.* at 136.  Thus, "when an objectively reasonable basis [for removal] exists, fees should be denied."  *Id.* at 141.

In this case, it is the *removing* party requesting fees for the remand, so § 1447(c) does not apply.  The court finds no other ground for awarding attorney's fees.